IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARILYN AGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-cv-116-WKW-GMB |
| | ) | [WO] |
| DEPARTMENT OF THE ARMY, | ) | |
| and MARK T. ESPER, Secretary | ) | |
| of the Army, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARILYN AGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-cv-473-WKW-GMB |
| | ) | [WO] |
| DEPARTMENT OF THE ARMY, | ) | |
| and MARK T. ESPER, Secretary | ) | |
| of the Army, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is the Motion to Dismiss (Doc. 38), filed by Defendants Department of the Army (the "Army") and Mark T. Esper. Plaintiff Marilyn Agee first filed a complaint against the Army and Esper in February 2018 in case number 18-cv-116-WKW-GMB. Doc. 1. Agee filed a similar complaint against the same defendants in May 2018 in case number 1:18-cv-473-WKW-SRW. The two cases were consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure on June 6, 2018, with case number 18-cv-116-WKW-GMB designated as the lead case. Pursuant to 28 U.S.C. § 636(b)(1),

these cases were referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 7. After careful consideration of the parties' filings[1] and the relevant law, and for the reasons stated below, the Magistrate Judge RECOMMENDS that the Motion to Dismiss (Doc. 38) be GRANTED.

## I.  JURISDICTION AND VENUE

The court has subject matter jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C. § 1331.  The parties do not contest personal jurisdiction, nor do they contest that venue is proper in the Middle District of Alabama.  The court finds adequate allegations to support both.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The facts alleged in Agee's Amended Complaint are as follows.  Agee worked as a nutritionist at Fort Rucker in Alabama from September 2015 until December 2015. Doc. 19 at 2.  During her employment, she was harassed and bullied due to her race and gender. Doc. 19 at 1–2.  She also believes that race and gender discrimination caused her termination. Doc. 19 at 2.

The other Fort Rucker nutritionists, who were white women, worked in large offices. Doc. 19 at 2.  But Kathy Vickers, Agee's supervisor, assigned Agee to work in a former utilities closet with another co-worker. Doc. 19 at 2.  Additionally, Agee was

---

[1] Also pending on the court's docket is a filing Agee styled as a "Motion Not to Dismiss Case." Doc. 41. In as much as this filing does not seek affirmative relief, but merely responds substantively to the arguments raised in the motion to dismiss, this filing (Doc. 41) should not have been designated as a motion, and the court recommends that it be DENIED.

disciplined for some of the menus that she used. Doc. 19-1 at 5.  However, these menus were copies of approved menus used by a previous nutritionist, a white woman, who used them without incident. Doc. 19-1 at 5.

A co-worker named Jerry Tyms, who had a history of violent behavior and mental illness, often threw tantrums and verbally attacked Agee. Doc. 19 at 2. Vickers allowed these outbursts. Doc. 19 at 2.

Eventually, Agee was discharged. Doc. 19-1 at 3.  Agee later learned that Vickers had planned to fire her about 30 days after she started the job. Doc. 19-1 at 7.  Agee was replaced by Madelyn Sessions, a white woman without any nutritional experience. Doc. 19 at 2.

Agee filed a charge with the Army's Equal Employment Opportunity Office ("EEO") on March 28, 2016. Doc. 19 at 3.  She filed for Chapter 7 bankruptcy in August 2017. Docs. 39-2 & 41.  Unaware that she was required to do so, Agee did not list her employment discrimination cause of action on her bankruptcy petition. Docs. 39-2 & 41.  Her debts were discharged in December 2017. Doc. 39-4.  On February 8, 2018, Agee received a Notice-of-Right-to-Sue letter. Doc. 19 at 3.  She timely initiated this action by filing her a complaint on February 15, 2018. Doc. 1.

### III.  STANDARD OF REVIEW

A motion filed under Federal Rule of Civil Procedure 12(b)(1) challenges the district court's subject matter jurisdiction and takes one of two forms: a facial attack or a factual attack.  A facial attack challenges subject matter jurisdiction without disputing the facts alleged in the complaint. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

When evaluating a facial attack, the court considers the allegations in the plaintiff's complaint as true. *Id.* "Such protections do not attach when the district court's jurisdictional is based upon the court's resolution of disputed facts." *Eaton v. Dorchester Dev. Inc.*, 692 F.2d 727, 731–32 (11th Cir. 1982). A factual attack challenges the factual allegations underlying the assertion of subject matter jurisdiction. *Lawrence*, 919 F.2d at 1529. Because the parties here do not dispute the factual allegations underlying jurisdiction, this is a facial attack.

Standing is a jurisdictional question, so "a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.*

## IV.  DISCUSSION

The Army moves to dismiss Agee's claims because she is the debtor in a Chapter 7 bankruptcy action, and therefore does not have standing to bring this suit. Under Article III of the Constitution, the jurisdiction of the federal courts is limited to "Cases" and "Controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement." *Id.* Once a person files for bankruptcy, any causes of action belonging to the debtor become property of the bankruptcy estate. *Oswalt v. Sedgwick Claims Management Services Inc.*, 624 F. App'x 740, 740–41 (11th Cir. 2018). "After the cause of action becomes part of the


bankruptcy estate, the trustee, as the representative of the estate, becomes the only party with standing to bring that cause of action." *Id.* at 741.

"Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (internal citations omitted). "Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Id.* "Pre-petition causes of action" include those cases where the debtor's injury occurred before filing of the bankruptcy petition, but litigation commenced after filing of the petition. *See in re Phelps*, 329 B.R. 904 (Bkr. M.D. Ga. 2005). And a pre-petition cause of action becomes property of the bankruptcy estate regardless of whether it was disclosed on the bankruptcy petition. *Jones v. Clayton Cnty.*, 184 F. App'x 840, 842 (11th Cir. 2006). "Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." *Parker*, 365 F.3d at 1272. Once an asset becomes the property of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the trustee abandons it. *Id.*

Bankruptcy courts have discretion to reopen a bankruptcy case to add undisclosed causes of action to the schedule. *See Parker*, 365 F.3d at 1272. If this were to occur, the trustee, acting as the real party in interest and on behalf of the bankruptcy estate, could bring the debtor's cause of action. *Id.* A "motion to reopen a Chapter 7 case to add undisclosed causes of action should generally be granted so that the claim can either be

5

liquidated for the benefit of the creditors or released from the estate." *In re Phelps*, 329 B.R. at 909. Nonetheless, the trustee, and not the debtor, maintains standing to sue.

Here, as the debtor in a Chapter 7 bankruptcy case, a straightforward application of the relevant law reveals that Agee does not have standing to bring this cause of action. *See Oswalt*, 624 F. App'x at 741 (reiterating that "[o]nce the claim became part of the bankruptcy estate, the trustee became the sole person with standing to bring the claim"). Agee's employment with the Army ended in December 2015, meaning that her cause of action accrued before she filed for bankruptcy in August 2017. Docs. 19 at 2 & 39-2. Thus, any cause of action arising out of her employment with the Army is a "pre-petition cause of action" belonging to the bankruptcy estate. *In re Phelps*, 329 B.R. at 904. And because it belongs to the bankruptcy estate, only the bankruptcy trustee has standing to bring the action.

Additionally, Agee has not demonstrated that her bankruptcy trustee has replaced her in this case as the real party in interest. Agee provided a letter from attorney Collier H. Espy, Jr., who suggested that he could petition the Bankruptcy Court to add her cause of action to her bankruptcy schedule. Doc. 41 at 4. However, there is no evidence before the court to indicate that the cause of action has been added to the bankruptcy schedule, that the trustee has abandoned Agee's pending claims, or that the trustee has been substituted as the party in interest in this case. *See Parker*, 365 F.3d 1268.

For all of these reasons, Agee does not have standing to bring an undisclosed, pre-petition cause of action that remains a part of the bankruptcy estate. *See Oswalt*, 624 F. App'x at 741 ("Since the trustee never abandoned the cause of action, and [the debtor]

6

failed to properly disclose the cause of action to the bankruptcy court, the cause of action is still property of the bankruptcy estate and the trustee is the only party with standing to bring the cause of action.") (citing *Parker*, 365 F.3d at 1272). Accordingly, the court recommends that these consolidated cases be dismissed for lack of standing.

## V. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 38) be GRANTED, and that cases 1:18-cv-116-WKW-GMB and 1:18-cv-473-WKW-GMB be DISMSSED without prejudice.

It is further ORDERED that Agee is DIRECTED to file any objections to the report and recommendation **not later than December 4, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. Agee is advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 20th day of November, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE